SMITH (STRONG v.). See Case No. 13,544.

---

## Case No. 13,111.

### SMITH et al. v. STURGIS et al.

[3 Ben. 330.] [1]

District Court, S. D. New York. June, 1869.

COLLISION—STALE CLAIM.

Where a libel was filed on March 31st, 1866, against the owners of a steam-tug, to recover damages for the sinking of a schooner by her, on December 28th, 1859, the tug having been for more than a year after the collision within the district, and her owners having been residents of the district, or carrying on business therein, and no excuse having been shown for the delay of six years and a quarter in commencing the suit: *held*, that the claim was barred by its staleness.

[Cited in Southard v. Brady, 36 Fed. 561.]

[This was a libel by Jonas Smith and others, owners of the Yankee, against Russell Sturgis and others, owners of the Colonel Satterly, to recover damages for injury to the Yankee, resulting from a collision between the two vessels.]

Beebe, Donohue & Cooke, for libellants.
William Allen Butler, for claimants.

BLATCHFORD, District Judge. This is a libel, sworn to on the 29th of June, 1865, and filed on the 31st of March, 1866, against six respondents, as owners of the steam-tug Yankee, to recover the sum of $19,000, as the damages sustained by the libellants, owners of the schooner Colonel Satterly, by a collision, which occurred between the two vessels cn the 28th of December, 1859, in the lower bay of New York. Only three of the respondents were served with process, and one of them, Sturgis, has answered for himself and the others. One of the defences set up in the answer is, that the cause of action did not accrue within six years before its commencement, and that, by reason of the neglect of the libellants to prosecute the action, the demand has become stale, and ought not in equity to be enforced against the respondents, many of them having lived and been almost daily within the jurisdiction of this court since the time of the collision. One or more of the respondents had ceased to live when the libel was filed. The Yan-

kee, for more than a year after the collision, was daily in the port of New York, employed in the service of the respondents. In 1861, she went into the employ of the United States, under a charter, and she was afterwards sold to the United States. All of the respondents, while they owned her and lived, either resided in the city of New York, and carried on business there, or frequented it in the way of business. The delay on the part of the libellants in bringing suit seems to have been without any plausible excuse. The written and verbal communications set up by the libellants as having passed between their legal adviser and Sturgis, on the subject, proved abortive, and were suspended, long before the libel was filed. The case is one of deliberate and inexcusable laches and staleness. It is shown that two or three of those who were on board the Yankee at the time had disappeared, beyond recall, before the libel was filed. The testimony of those witnesses who have been produced on the part of the Yankee is so in conflict with the testimony of the witnesses for the libellants, as to make it incumbent on the court to give no advantage to the libellants which they may have secured to themselves by the delay in bringing their suit. The six years and a quarter which elapsed before the libel was filed, not being excused, I must hold the claim to be barred by its staleness. The Sarah Ann [Case No. 12,342]; Joy v. Allen [Id. 7,552]; Jay v. Allen [Id. 7,235]. The libel is dismissed, with costs.